IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **IMMERSION CORPORATION,** | |
| Plaintiff, | |
| v. | Civil Action No. 12-259-RGA |
| **HTC CORPORATION, HTC AMERICA, INC.,** | |
| Defendants. | |

MEMORANDUM ORDER

Presently before the Court is the Defendants' Motion to Compel Further Discovery (D.I. 182) of privilege log Entry Nos. 149, 151-54, 174-75, 177, and 180. (D.I. 213). The parties have fully briefed this issue. (D.I. 182, 188, 189, 192, 202, 203, 213, 217, 221). The Court held a discovery dispute conference on April 29, 2014. (D.I. 179). For the following reasons, the Defendants' Motion to Compel is **GRANTED IN PART** and **DENIED IN PART**.

I. **Background**

On June 10, 2014, this Court ordered the Plaintiff to provide a supplemental privilege log regarding all documents in its control relating to SRR.[1] (D.I. 200). This Court subsequently ordered the parties to provide letters detailing the documents sought by the Defendants, and the Plaintiff's explanation for why each of these documents was privileged. (D.I. 210). The Plaintiff asserts that the documents sought are either protected by attorney client privilege or attorney work product. (D.I. 217 at 1-2). Regarding privilege, the Defendants argue that it does not apply as the

---

[1] SRR refers to Stout Risius Ross, Inc., the financial consulting firm hired by Immersion's counsel to conduct royalty and licensing analysis. (D.I. 182 at 3).

1

documents' purpose is related to business advice, not legal advice. (D.I. 182 at 3). The Defendants also argue that work product immunity does not apply for the same reason. (*Id.*). In addition, the Defendants argue that subject matter waiver applies to all the documents, regardless of whether privilege or immunity applies, as during the parties' licensing negotiations the Plaintiff revealed SRR's conclusions. (D.I. 221 at 2, 3; D.I. 182 at 3).

## II. Legal Standard

### a. Attorney-Client Privilege

Pursuant to FED. R. CIV. P. 34(a), a party may serve on another party a request to produce all relevant and non-privileged documents in the possession, custody, or control of the party served. When the responding party fails to respond to the request or to produce the documents, the party making the request may seek a court order to compel disclosure. FED. R. CIV. P. 34(b).

An exception to the right to compel disclosure is attorney-client privilege, which protects the communication between an attorney and a client. *Wachtel v. Health Net, Inc.*, 482 F.3d 225, 231 (3d Cir. 2007). In order for it to be privileged, the communication between the attorney and the client must concern legal assistance or advice. *Id.* at 231. The Supreme Court, in *Upjohn Co. v. U.S.*, defined the scope of attorney-client privilege to "protect not only the giving of professional advice to those who can act on it but also the giving of information to the lawyer to enable him to give sound and informed advice." 449 U.S. 383, 391 (1981). Furthermore, the communication must be made in confidence, between an attorney and an individual who is or seeks to be a client. *Wachtel*, 482 F.3d at 231. When the communication between an attorney and non-legal personnel primarily relates to business concerns, the communication is not within the scope of attorney-client privilege. *Id.* Courts have recognized that "business and legal advice may often be inextricably interwoven." *Hercules, Inc. v. Exxon Corp.*, 434 F.Supp. 136, 147 (D. Del. 1977). For

2

this reason, courts look to the documents' primary purpose to determine whether attorney client privilege applies. *Id.* at 147.

### b. Work Product Immunity

FED. R. CIV. P. 26(b) provides that a party may not obtain discovery regarding any materials that are prepared in anticipation of litigation by or for another party or its representative. The work-product doctrine seeks to grant attorneys a degree of privacy in preparing a client's case. *Hickman v. Taylor,* 329 U.S. 495, 510-11 (1947). To qualify as work product, the material must satisfy a three-part test detailed in Rule 26(b)(3). The material must be (1) "documents or tangible things," (2) "prepared in anticipation of litigation or for trial," (3) "by or for another party or by or for that other party's representative." FED. R. CIV. P. 26(b)(3).

An exception to the work product doctrine applies when the documents sought are prepared in the ordinary course of business. *Holmes v. Pension Plan of Bethlehem Steel Corp.*, 213 F.3d 124, 138 (3d Cir. 2000); Fed. R. Civ. P. 26(b)(3). The party asserting work product immunity bears the burden of showing that the sought documents were prepared "in the course of preparation for possible litigation." *Holmes* at 138. If the party claiming work product immunity meets this burden, then the party seeking production may obtain discovery "only upon a showing that the party . . . has a substantial need of the materials in preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means." *Id.*; FED. R. CIV. P. 26(b)(3). The test employed by courts is whether "in light of the nature of the document and the factual situation of the case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation." *U.S. v. Rockwell Int'l,* 897 F.2d 1255, 1265-66 (3d Cir. 1990). A document will be granted protection from disclosure if the court finds that the primary purpose behind its creation was to aid in possible future litigation. *Id.* at 1266.

3

## III. Discussion

The Plaintiff has provided the requested documents for *in camera* review. (D.I. 188, D.I. 203). The Court has reviewed these documents. Immersion's business is the licensing of patents. All of the requested documents were created by a financial consultant in aid of Immersion's licensing program. Accordingly, the Court makes the following findings:[2]

- Entry No. 149: This document is an email from Kiersten Garlipp,[3] of SRR, addressed to the Plaintiff's outside counsel, and provides draft slides created by SRR. Plaintiff claims this document is protected by attorney-client privilege. (D.I. 217 at 1). The Court finds this document to be primarily for business purposes as it provides factual information about licensing/royalty rates, the primary purpose of the Plaintiff's business. There is no evidence that it was transmitted for the purpose of providing legal advice to Immersion. Therefore this document is not protected by attorney-client privilege.

- Entry No. 151: This document is an email from Kiersten Garlipp addressed to the Plaintiff's outside counsel and in-house counsel, and provides draft slides created by SRR. Plaintiff claims this document is protected by attorney-client privilege. (D.I. 217 at 2). This document is a different version of Entry No. 149, and is similarly not protected by attorney-client privilege.

- Entry No. 152: This document is an email from Kiersten Garlipp addressed to the Plaintiff's outside counsel and in-house counsel, and provides draft slides created by SRR. Plaintiff claims this document is protected by attorney-client privilege. (D.I. 217 at 2). This

---

[2] As the Court finds that attorney client privilege and attorney work product immunity do not apply, it need not determine the issue of waiver. Therefore, the Court expresses no opinion regarding waiver.

[3] At the time of the email, Kiersten Garlipp was employed by SRR as a Senior Analyst in Dispute Advisory and Forensic Services.

4

document is a third version of Entry No. 149, and is similarly not protected by attorney-client privilege.

- Entry No. 153: This document is an email from Kiersten Garlipp addressed to the Plaintiff's outside counsel and in-house counsel, and draft slides created by SRR. Plaintiff claims this document is protected by attorney-client privilege. (D.I. 217 at 2). This document is a fourth version of Entry No. 149, and is similarly not protected by attorney-client privilege.

- Entry No. 154: This document is an email from Kiersten Garlipp addressed to the Plaintiff's outside counsel and in-house counsel, and provides draft slides created by SRR. Plaintiff claims this document is protected by attorney-client privilege. (D.I. 217 at 2). This document is a fifth version of Entry No. 149, and is similarly not protected by attorney-client privilege.

- Entry No. 174: This document was prepared by SRR and is a summary of the Plaintiff's mobile license agreements. Plaintiff claims this document is protected as work product. (D.I. 217 at 2). While the Court is not convinced that there is an evidentiary basis to conclude it is protected by work product, the Court also sees no need to produce the document as it merely factually summarizes license agreements that have already been produced. Therefore, the Court will not require production of this document.

- Entry No. 175: This document was created by SRR and consists of draft slides that were incorporated into the draft slides of the document attached to Entry No. 149. Plaintiff claims this document is protected as work product. (D.I. 217 at 2). The Court finds that this document was created for business purposes (licensing) using the same reasoning applied to Entry No. 149. It therefore follows that this document is not protected as work product.

5

- Entry No. 177: This document was created by SRR and consists of draft slides that were incorporated into the draft slides of the document attached to Entry No. 149. Plaintiff claims this document is protected as work product. (D.I. 217 at 2). The Court finds that this document was created for business purposes (licensing) using the same reasoning applied to Entry No. 149. It therefore follows that this document is not protected as work product.
- Entry No. 180: This document was created by SRR and consists of a table that was intended to be incorporated into the slides discussed above. Plaintiff claims this document is protected as work product. (D.I. 217 at 2). The Court finds that this document was created for business purposes using the same reasoning applied to Entry No. 149. It therefore follows that this document is not protected as work product.

For the reasons provided above, it is **ORDERED** that the Defendants' Motion (D.I. 182, 213) is **GRANTED IN PART** and **DENIED IN PART**, and the Plaintiff shall produce, consistent with the Memorandum Order, the following individual documents: Privilege Log Entry Nos. 149, 151-54, 175, 177, and 180.

It is so ordered this 7th day of August, 2014.

*Richard G. Andrews*
United States District Judge