# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IMMERSION CORPORATION, a Delaware Corporation, <br><br> Plaintiff, <br><br> v. <br><br> HTC CORPORATION and HTC AMERICA, INC., <br><br> Defendants. | C.A. No. 12-259-TBD |

**HTC CORPORATION AND HTC AMERICA, INC.'S REPLY IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT OF INVALIDITY OF THE '288 PATENT**

*Of Counsel:*

John P. Schnurer
Michael J. Engle
Ryan B. Hawkins
PERKINS COIE LLP
11988 El Camino Real, Suite 350
San Diego, CA  92130-2594
(858) 720-5700

Ryan McBrayer
Jonathan Putman
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101
(206) 359-8000

ASHBY & GEDDES
John G. Day (#2403)
Tiffany Geyer Lydon (#3950)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE  19899
(302) 654-1888
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Defendants*

Terrence J. Wikberg
Brandon M. White
PERKINS COIE LLP
700 Thirteenth Street N.W.
Washington, D.C. 20005
(202) 654-6200

Cheng C. Ko
PERKINS COIE LLP
2901 N. Central Avenue, Suite 2000
Phoenix, AZ 85012
(602) 351-8000

Dated:  March 19, 2015

I. **INTRODUCTION**

The Court is presented with a single question: should Immersion be allowed to assert a patent it acknowledges to be invalid as punishment for HTC's misstep. HTC admits it initially overlooked the break in the '288 patent's priority chain and the significance of WO 99/26230. HTC further admits it did not discover the issue until February 21, 2015, shortly after the Court's recent summary judgment ruling. But HTC disclosed the invalidity theory the *next day*. For its part, Immersion admits that the '288 patent has a broken priority chain and is invalid in light of WO 99/26230. Immersion does not contest that it filed, prosecuted, and knew about WO 99/26230 all along. And Immersion cites no evidence *whatsoever* that it might have pursued had HTC discovered this issue before the local rule deadline (instead of the statutory deadline).

The Court should avoid holding an unnecessary trial over the '288 patent and grant summary judgment to HTC.

II. **THE COURT SHOULD DECLINE TO HOLD AN UNNECESSARY TRIAL OVER THE ADMITTEDLY INVALID '288 PATENT**

   A. **Summary Judgment Is Appropriate Given the Circumstances.**

HTC moved for summary judgment of invalidity because the '288 patent's defective priority chain is not in dispute. The '288 patent suffers from a fatal break in its priority chain because the '042 patent was not filed "before" the '936 patent issued. That converted WO 99/26230, an identical application published more than a year before, to anticipatory prior art. Immersion has not even attempted to raise disputed facts that might justify putting the '288 patent before a jury.

   B. **The Court Should Allow HTC To Assert WO 99/26230.**

In light of its concession, Immersion has but a single argument that could allow it to continue enforcing the known-invalid '288 patent: waiver. Immersion argues that HTC waived

its right to assert WO 99/26230 by not disclosing this theory until February 22, 2015 in its § 282 disclosures and by not more conspicuously indicating the reference in those disclosures. But HTC's inadvertent failure to appreciate the '288 patent's vulnerability until after the Court's recent summary judgment ruling does not warrant wholesale exclusion of this defense.

### 1. Exclusion is Not Warranted Under the Circumstances.

First, as HTC explained, the factors considered by courts before imposing the "extreme sanction" under Fed. R. Civ. P. 37(c) of precluding a party from relying on defenses or contentions that were not timely disclosed favor allowing HTC to assert WO 99/26230.[1] Those factors include prejudice or surprise to the party against whom the newly disclosed evidence is offered, the importance of the information withheld, the likelihood of disruption at trial, the explanation for the failure to disclose, and the presence of bad faith or willfulness in not disclosing the evidence in a timely manner. *See Abbott Labs v. Lupin Ltd*., Case No. C09-0152-LPS, 2011 WL 1897322, at *3, 5 (D. Del. May 19, 2011). The decision to exclude is within the court's discretion, and, as Judge Stark explained in *Abbott Labs*, "[i]t bears emphasis that exclusion of 'critical evidence' is an 'extreme sanction, not normally to be imposed absent showing of willful deception or flagrant disregard of a court order." *Id.* at *5 (citation omitted).

Immersion does not dispute that WO 99/26230 is such critical evidence. Nor could it. The reference is undisputed § 102(b) art. This fact alone strongly supports adjudication of the '288 patent's validity on the merits. *See Abbott Labs*, 2011 WL 1897322, at *5. Moreover, addressing the '288 patent's validity now would obviate the need for *any* trial on the '288 patent.

---

[1] Insofar as Immersion argues that "good cause" is required in order for HTC to assert WO 99/26230, good cause exists here. HTC has been diligent but not perfect, and when HTC did discover its oversight, it disclosed WO 99/26230 to Immersion the next day, as was required by statute, and in its pre-trial order disclosures. Under the circumstances, and for the reasons explained herein, good cause exists to permit HTC to assert WO 99/26230.

Most importantly, resolving this matter on the merits will result in *no* prejudice or surprise to Immersion. Despite a few conclusory statements, Immersion offers no details on how it would actually be prejudiced or unfairly surprised by HTC's reliance on WO 99/26230. Immersion does *not* purport to have been unaware of WO 99/26230 or its significance to the '288 patent's validity. Indeed, Immersion is conspicuously silent about when it discovered this issue for itself. Immersion then fails to describe any specific discovery that it (i) could have obtained but for the timing of HTC's disclosure or (ii) would otherwise need to obtain before this issue could fairly be decided on the merits. This failure is consistent with the fact that Immersion raised this issue with HTC and then the Court, demonstrating that it knew WO 99/26230 was an invalidating reference. The lack of any prejudice or surprise to Immersion strongly favors resolving this matter on the merits.

### 2.  HTC Did Not "Sandbag" Immersion.

Recognizing that waiver is not warranted under the circumstances, Immersion does what many litigants do: it goes on the offensive with a trumped-up "bad faith" allegation. But there is no evidence that HTC willfully deceived Immersion, flagrantly disregarded a Court order, or otherwise acted in bad faith.

As HTC noted in its opening brief, and now reiterates in the accompanying declaration of counsel, HTC did not appreciate the '288 priority issue until after the Court's February 11, 2015 summary judgment ruling involving the 35 U.S.C. § 120 issue. (*See* Declaration of Ryan J. McBrayer at ¶ 4). HTC first realized its oversight on February 21, 2015, less than two weeks after the Court's summary judgment ruling. (*Id.*). HTC disclosed its intent to rely on WO

99/26230 as an invalidating reference the *very next day* in its § 282 disclosures.[2] (*Id.* at ¶ 5). HTC again included WO 99/26230 in its pre-trial disclosures, and the parties held a meet-and-confer in which Immersion itself discussed the implications under 35 U.S.C. § 120 of newly disclosed art. (*Id.* at ¶ 6–7). Following that meet-and-confer, HTC provided Immersion's counsel with a narrowed list of only *six* prior art references upon which HTC planned to rely at trial for each of the two remaining patents-in-suit. (*Id.* at ¶ 8). Among the six listed regarding the '288 patent, HTC plainly and prominently listed WO 99/26230 as invalidating prior art. (*See id.*, Ex. A). Immersion conveniently omits this fact in its offensive gambit.

HTC did not act in bad faith. It overlooked what was, at the time, a not-well-known issue and problem in the USPTO regulations. Nor did HTC delay: it disclosed WO 99/26230 within one day. Immersion was not unfairly surprised and will not be prejudiced by any of this.

### 3. Public Policy Favors Removing Invalid Patents From the Market.

As HTC has explained, "[c]ourts favor the resolution of disputes on their merits, . . . particularly [] with respect to the validity of patents." *Abbott Labs*, 2011 WL 1897322, at *5. A holder of an invalid patent can enforce an undeserved monopoly against the public at large and unfairly thwart lawful competition. (*See* Motion at 8). Immersion suggests that there would be an injustice if it is not allowed to continue enforcing the '288 patent, despite its own concessions that the patent could not survive a invalidity challenge. (Opp. at 6). However, resolving a dispute on the merits where there are no legal or factual disputes is no injustice. Nor is removing an undisputedly invalid patent from the marketplace. Immersion's suggestion that public policy

---

[2] Because HTC did not appreciate the '288 priority issue until late February 2015, Immersion's arguments regarding HTC's failure to disclose in **2014** cannot possibly demonstrate bad faith. And Immersion's theory that HTC plotted to disclose WO 99/26230 at the last moment is not logical. HTC moved for summary judgment on numerous grounds in order to narrow the case and had nothing to gain from declining to seek similar relief regarding the '288 patent.

somehow favors enforcement of procedural rules over the admitted merits, the complete lack of prejudice, the cost of future proceedings, and the time of the jury, Court, and regulatory agencies, is misplaced.

### III. HTC SHOULD AT A MINIMUM BE PERMITTED TO CROSS-EXAMINE IMMERSION'S WITNESSES BASED ON WO 99/26230

Finally, HTC should at least be allowed to rely on WO 99/26230 for cross-examination purposes. Testimony from Immersion executives that the '288 patent is one of Immersion's two "most valuable" patents is squarely undercut by the patent's invalidity and the resulting impact on its value. Immersion argues that the hypothetical negotiation date was in 2014 and any 2015 invalidity is somehow not relevant, but this ignores that the '288 patent suffered from the same fatal defect in 2014, that the hypothetical negotiation assumes full knowledge by both parties of preceding and later relevant facts, and that Immersion's expert does so in numerous ways. (*See*, *e.g.*, Dkt. No. 264, Ex. B, Pampinella Reply Rep. at ¶ 27 (relying on May 2014 facts)).

Immersion also argues that the assumptions of a hypothetical negotiation do not allow questions about validity. But those assumptions exist to avoid corrupting the hypothetical with *disputes* over validity between the parties. There is no such dispute here. And Immersion's choice to rely on the hypothetical negotiation model does not justify untruthful testimony. Yet that is exactly what Immersion proposes: its CEO testifying that the patent is, in fact, one of the company's two "most valuable" patents, when its lawyers have conceded the patent is invalid, and therefore valueless. At the point the CEO testifies, Immersion's expert will not yet have testified about the hypothetical negotiation. And no statute, rule, or Federal Circuit decision allows untruthful and unchallenged testimony, merely because Immersion may later choose to introduce a damages theory in which it must make assumptions. HTC should be allowed to use WO 99/26230 to challenge the CEO's testimony.

| | |
|---|---|
| *Of Counsel:* | ASHBY & GEDDES |
| John P. Schnurer<br>Michael J. Engle<br>Ryan B. Hawkins<br>PERKINS COIE LLP<br>11988 El Camino Real, Suite 350<br>San Diego, CA  92130-2594<br>(858) 720-5700 | */s/ Tiffany Geyer Lydon*<br>_____<br>John G. Day (#2403)<br>Tiffany Geyer Lydon (#3950)<br>500 Delaware Avenue, 8th Floor<br>P.O. Box 1150<br>Wilmington, DE  19899<br>(302) 654-1888<br>jday@ashby-geddes.com<br>tlydon@ashby-geddes.com |
| Ryan McBrayer<br>Jonathan Putman<br>PERKINS COIE LLP<br>1201 Third Avenue, Suite 4900<br>Seattle, WA 98101<br>(206) 359-8000 | *Attorneys for Defendants* |
| Terrence J. Wikberg<br>Brandon M. White<br>PERKINS COIE LLP<br>700 Thirteenth Street N.W.<br>Washington, D.C. 20005<br>(202) 654-6200 | |
| Cheng C. Ko<br>PERKINS COIE LLP<br>2901 N. Central Avenue<br>Suite 2000<br>Phoenix, AZ 85012<br>(602) 351-8000 | |

Dated:  March 19, 2015